No. 25-1520

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

THOMAS E. OVERBY, JR., INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED; ABBY GEARHART, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees,*

v.

ANHEUSER-BUSCH, LLC,

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Eastern District of Virginia at Newport News
Case No. 4:21-cv-00141-AWA-DEM

DEFENDANT-APPELLANT'S OPPOSITION TO
PLAINTIFFS-APPELLEES' PARTIAL MOTION TO
DISMISS APPEAL

James E. Tysse
Robert G. Lian, Jr.
Margaret O. Rusconi
Katherine I. Heise
AKIN GUMP STRAUSS
  HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
202-887-4000
jtysse@akingump.com

*Counsel for Defendant-Appellant Anheuser-Busch, LLC*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 26.1(a), Defendant-Appellant Anheuser-Busch, LLC is an indirect subsidiary of Anheuser-Busch InBev SA/NV, which is a publicly traded corporation. Except as so stated above, Anheuser-Busch, LLC does not have any parent companies, subsidiaries, or affiliates that have issued shares to the public.

## TABLE OF CONTENTS

INTRODUCTION ................................................................. 1

BACKGROUND ................................................................. 3

ARGUMENT ..................................................................... 8

    I.    THIS COURT HAS JURISDICTION TO REVIEW THE
        DISTRICT COURT'S DENIAL OF ANHEUSER-
        BUSCH'S MOTION TO DECERTIFY ................................... 8

        A.    Rule 23(f) Authorizes This Court's Review Of The
            Entire Class Certification "Order" ................................. 8

        B.    The Court Independently Has Pendent Appellate
            Jurisdiction Because The Decertification Decision
            Is Inextricably Intertwined With The Class
            Certification Decision ................................................ 13

    II.    THE COURT SHOULD NOT DISMISS AN
        ARGUMENT ANHEUSER-BUSCH DID NOT RAISE ........ 17

CONCLUSION .................................................................. 19

# TABLE OF AUTHORITIES

<u>C</u>ASES:

*Asher v. Baxter Int'l Inc.*,
505 F.3d 736 (7th Cir. 2007)..........................................................8, 10

*Baldridge v. SBC Commc'ns, Inc.*,
404 F.3d 930 (5th Cir. 2005)................................................................12

*BP P.L.C. v. Mayor & City Council of Balt.*,
141 S. Ct. 1532 (2021)............................................................... *passim*

*Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
924 F.2d 550 (4th Cir. 1991)................................................................19

*Donelson v. Ameriprise Fin. Servs., Inc.*,
999 F.3d 1080 (8th Cir. 2021)................................................................9

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*,
269 F.3d 187 (3d Cir. 2001) ................................................................15

*Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*,
95 F.4th 181 (4th Cir. 2024) ................................................................13

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008)............................................................................18

*F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*,
815 F.2d 426 (6th Cir. 1987)................................................................19

*Fox v. Saginaw Cnty.*,
67 F.4th 284 (6th Cir. 2023) ................................................................10

*Harris v. Medical Transp. Mgmt., Inc.*,
77 F.4th 746 (D.C. Cir. 2023).................................................11, 12, 16

*Mendocino Env't Ctr. v. Mendocino Cnty.*,
192 F.3d 1283 (9th Cir. 1999)..............................................................15

*Moser v. Benefytt, Inc.,*
    8 F.4th 872 (9th Cir. 2021) .......................................................... 10, 11

*Myers v. Hertz Corp.,*
    624 F.3d 537 (2d Cir. 2010) ..................................................... 12, 16, 17

*Overstreet v. Lexington-Fayette Urb. Cnty. Gov't,*
    115 F. App'x 806 (6th Cir. 2004).......................................................... 19

*Reinig v. RBS Citizens, N.A.,*
    No. 15CV1541, 2017 WL 3599489 (W.D. Pa. Aug. 22,
    2017).............................................................................................. 16
    912 F.3d 115 (3d Cir. 2018) ....................................................... 12, 16

*Scott v. Family Dollar Stores, Inc.,*
    733 F.3d 105 (4th Cir. 2013)....................................................... 14, 15

*United States v. Olano,*
    507 U.S. 725 (1993)............................................................................ 17

*Will v. Michigan Dep't of State Police,*
    491 U.S. 58 (1989) .............................................................................. 13

*Yamaha Motor Corp., U.S.A. v. Calhoun,*
    516 U.S. 199 (1996)................................................................... *passim*

## STATUTES:

9 U.S.C.
    § 16(a)(1)(B) ......................................................................................... 9

28 U.S.C.
    § 1291 ................................................................................................. 12
    § 1292(b) ............................................................................................... 9
    § 1447(d) ............................................................................................... 9

29 U.S.C.
    § 201 *et seq.* ........................................................................................ 5

Virginia Overtime Wage Act, Va. Code § 40.1-29.2............................ 4, 5

Virginia Wage Payment Act, Va. Code § 40.1-29 *et seq.* ...................... 4, 5

<u>**OTHER AUTHORITIES:**</u>

Fed. R. Civ. P.

23 ................................................................................................... *passim*
23(b)(3) ................................................................................. 5, 6, 16
23(c)(4) ............................................................................................ 16
23(f) ............................................................................................. *passim*

# INTRODUCTION

Plaintiffs' misguided motion to partially dismiss this appeal should be denied. Federal Rule of Civil Procedure 23(f) authorizes courts of appeals to review "an order granting or denying class-action certification." Consistent with that rule—and with this Court's permission—Anheuser-Busch, LLC has appealed an "order" that both granted Plaintiffs' motion for class certification and denied Anheuser-Busch's cross-motion to decertify Plaintiffs' Fair Labor Standards Act ("FLSA") collective action. As grounds for its appeal, Anheuser-Busch argues that (1) Plaintiffs failed to meet their burden for class certification under Rule 23, (2) the exact same analysis compels decertification of the FLSA collective action, and (3) even if Plaintiffs had met their burden under Rule 23 and the FLSA, the district court defined an overly broad class.

Rather than respond on the merits, Plaintiffs ask this Court to dismiss Anheuser-Busch's FLSA decertification argument (along with another argument Anheuser-Busch did not even raise). But Plaintiffs' contention that this Court lacks appellate jurisdiction to review the denial of Anheuser-Busch's decertification motion is flat wrong. Rule

23(f)'s plain text authorizes this Court to review the entire class certification "order"—which includes the FLSA decertification decision, not just the class certification "ruling."  The Supreme Court has twice held that provisions authorizing interlocutory appellate review of a particular "order" allow courts of appeals "to examine the *whole* of" that order, "not just some of its parts or pieces."  *BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) (emphasis added); *see also Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).  And every appellate court to apply these holdings in the Rule 23(f) context has agreed.

Even if Rule 23(f) did not already authorize appellate review of the decertification decision, this Court could independently exercise pendent appellate jurisdiction over that decision because it is "inextricably intertwined" with the class certification decision.  Although Rule 23 class certification and FLSA collective action certification are different, they are governed by overlapping standards.  And the district court here said that it resolved both certification questions "for essentially the same reasons"—a straightforward recognition that the two issues are "intertwined."

2

Finally, the notion that this Court should "dismiss" an argument Anheuser-Busch chose not to raise in its opening brief—specifically, that applying Rule 23 to Plaintiffs' state-law claims would violate the Rules Enabling Act—makes no sense. Courts of appeals do not "dismiss" as waived each and every argument an appellant chooses not to raise, especially in an interlocutory posture. Plaintiffs waste this Court's and Anheuser-Busch's resources asking the Court to do so here.

The Court should deny Plaintiffs' motion.

## BACKGROUND

1. Anheuser-Busch is a brewing company based in St. Louis, Missouri, that operates multiple brewing and related facilities. JA301, at 110:13–111:4. This case concerns its Williamsburg Brewery, which employs about 400 hourly employees at any given time, each of whom works an 8-hour shift in one of the Brewery's five main departments. JA486, at 22:12–14; JA281-282, at 29:14–36:7. Hourly employees are expected to be at their workstation at the start of their shift and work until the end of their shift. JA486, at 22:12–14; JA281-282, at 29:14–36:7; JA320, at 186:7–187:22. This means they must swipe their badge to enter the Brewery building before their shift starts, and not swipe out

3

until their shift ends—all of which is tracked in Anheuser-Busch's "Labor Time Management" system. JA1114, at 90:4–23.

Although Anheuser-Busch generally pays employees on an hourly basis for the shifts they work, its policy, reflected in the governing collective bargaining agreement, is to pay employees for all hours worked—*i.e.*, the "whole time," including when that time is pre- or post-shift. JA510, at 120:9–20; *see* JA314-315, at 163:18-165:3.

**2.** In November 2021, two hourly Brewery employees sued Anheuser-Busch on behalf of themselves and similarly situated employees, alleging that Anheuser-Busch has a secret "corporate policy of failing to compensate Plaintiffs for all mandatory pre- and/or post-shift work." JA114-115 ¶ 2. Specifically, Plaintiffs alleged that Anheuser-Busch "requires Plaintiffs to arrive to work prior to [their shifts'] scheduled start time" and to stay after their shifts' scheduled end time "in order to perform a litany of tasks necessary to perform Plaintiffs' jobs," and fails to pay employees for that time. *Id.* Based on these allegations, Plaintiffs brought claims under the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29 *et seq.*, the Virginia Overtime Wage Act

("VOWA"), Va. Code § 40.1-29.2, and the FLSA, 29 U.S.C. § 201 *et seq.*
JA129-134 ¶¶ 70–105.

Anheuser-Busch denied Plaintiffs' allegations, ECF No. 15, ECF
No. 97, but consented to the "conditional certification" of a collective
action for the FLSA claim—thus allowing the provision of court-approved
notice to Brewery employees who were allegedly similarly situated to
Plaintiffs. ECF No. 20.

The parties then proceeded to discovery, which painted a far
different picture from what Plaintiffs described in their complaint.
Rather than reveal an Anheuser-Busch "policy" of requiring unpaid pre-
and post-shift work, discovery confirmed that Anheuser-Busch's actual
"policy" is to pay employees for the "whole time" they work, including
time that is pre- or post-shift. JA510, at 120:9–20; *see* JA314-315, at
163:18-165:3. Moreover, the evidence revealed that Brewery employees
are free to do what they want before and after their shifts, and that what
they choose to do varies shift-to-shift, day to-day, and person-to-person.
*See* Opening Br. 8-13.

In light of this evidence, when Plaintiffs moved for class
certification of their VWPA and VOWA claims under Rule 23(b)(3),

5

Anheuser-Busch both opposed and simultaneously cross-moved for decertification of Plaintiffs' conditionally certified FLSA collective action. Specifically, Anheuser-Busch argued that there were no common issues susceptible of class- or collective-wide resolution, and that individualized inquiries will swamp any issues common to the putative class and collective such that Plaintiffs could not satisfy either Rule 23(b)(3)'s predominance and superiority requirements *or* the FLSA's "similarly situated" requirement. *See* JA872, ECF No. 116, ECF No. 117. Anheuser-Busch also argued that applying Rule 23 to Plaintiffs' state-law claims would violate the Rules Enabling Act. ECF No. 116 at 13.

On March 27, 2025, the district court issued a single order granting Plaintiffs' class certification motion and denying Anheuser-Busch's cross-motion for decertification. The court rejected Anheuser-Busch's Rule 23 arguments on the ground that "the primary issue to be litigated" is "Anheuser-Busch's alleged policy and practice" of requiring employees to work pre- and post-shift without pay, JA1760-1761, which could be adjudicated on a class-wide basis given purported similarities with the class, JA1764. The court then found that Anheuser-Bush's "arguments

6

with regard to decertifying the FLSA collective action fail for essentially the same reasons that its arguments against Rule 23 certification fail." JA1766.  The court reasoned that, "[a]s noted above, Anheuser-Busch's policy and whether it resulted in uncompensated work is a central issue in this case, and for this reason, as with the Rule 23 class determination, the Court finds that the 'similarities in [plaintiffs'] claims outweigh their differences.'"  JA1767 (second alteration in original).  The court also rejected Anheuser-Busch's Rules Enabling Act argument.  JA1757 n.2.

3.     On April 11, 2025, Anheuser-Busch petitioned for leave to immediately appeal the district court's order under Rule 23(f), which this Court granted. *Anheuser-Busch, LLC v. Overby*, No. 25-140 (4th Cir. May 8, 2025), ECF No. 22.  Anheuser-Busch then filed its opening brief, arguing that this Court should reverse, or at least vacate, the order because both the class certification decision and FLSA decertification decision were erroneous for essentially the same reasons.  Anheuser-Busch did not raise the Rules Enabling Act issue in its opening brief.

## ARGUMENT

## I. THIS COURT HAS JURISDICTION TO REVIEW THE DISTRICT COURT'S DENIAL OF ANHEUSER-BUSCH'S MOTION TO DECERTIFY

### A. Rule 23(f) Authorizes This Court's Review Of The Entire Class Certification "Order"

Rule 23(f)'s text expressly permits review of the entire "order" on appeal, including the district court's denial of Anheuser-Busch's FLSA decertification motion. Rule 23(f) states that "court[s] of appeals may permit an appeal from an order granting or denying class-action certification under this rule." FED. R. CIV. P. 23(f). That language ties appellate jurisdiction to the class certification "order"—*i.e.*, the "written direction or command delivered by *** [the] court." *BP*, 141 S. Ct. at 1537 (ellipsis in original) (citing various dictionary definitions of "order"). It does not limit jurisdiction to the class certification "ruling." *Cf.* Mot. 6. So this Court "is free to address all considerations that make *the order* sound or erroneous," *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 740 (7th Cir. 2007) (emphasis added)—including errors in the district court's decertification decision.

Indeed, the Supreme Court has twice interpreted similar language to authorize appellate review of *all* rulings within an appealed order. In

*Yamaha*, the Court construed 28 U.S.C. § 1292(b)—which authorizes appellate review of "an order not otherwise appealable" if the district court certifies that it "involves a controlling question of law"—to cover "any issue fairly included within the certified order," not just "the particular question formulated by the district court."   516 U.S. at 204-205.  And in *BP*, the Court read 28 U.S.C. § 1447(d)—which authorizes appellate review of "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of th[e statute]"—to allow review of "*all* of the defendants' grounds for removal" addressed in the removal order, not just those based on section 1442 or 1443.  141 S. Ct. at 1537.  As the Court explained, by using the term "order," the "statute allows courts of appeals to examine the *whole* of a district court's 'order,' not just some of its parts or pieces."  *Id.* at 1538; *see also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1087 (8th Cir. 2021) ("[I]f we have jurisdiction to review the district court's denial of the motions to compel arbitration, *** we have appellate jurisdiction to review the district court's denial of Defendants' motions to strike class-action allegations because this denial was contained in an order reviewable under 9 U.S.C. § 16(a)(1)(B).").

9

There is no reason to read Rule 23(f) differently. In fact, all circuits that have considered *Yamaha* and *BP* in the context of Rule 23(f) have held that "Rule 23(f) *** gives [courts of appeals] jurisdiction to review the entire certification 'order,' not just the parts analyzing Rule 23's requirements." *Fox v. Saginaw Cnty.*, 67 F.4th 284, 292 (6th Cir. 2023); *Moser v. Benefytt, Inc.*, 8 F.4th 872, 876 (9th Cir. 2021) ("*BP *** supports our ability to review the personal jurisdiction issues that are part and parcel of the district court's class certification order"); *Asher*, 505 F.3d at 740 ("[A]n appeal under Rule 23(f) *** presents *the order* for appellate decision, and a court of appeals is free to address all considerations that make the order sound or erroneous.").

Any other reading would be unmanageable. If Rule 23(f) review was limited to whether the plaintiffs met the requirements for Rule 23 class certification, the Court would have to police briefs to ensure that no arguments challenging the legality of an order impermissibly strayed beyond the border of the class-certification "ruling." And the Court would be prohibited from considering issues like standing, venue, forfeiture, waiver, failure to prosecute, law of the case, etc.—all of which are distinct from the class certification "ruling" but may nonetheless be critical to this

10

Court's ability to adjudicate a Rule 23(f) appeal.  *See, e.g.*, *Moser*, 8 F.4th at 875-876 (rejecting argument that court lacked "jurisdiction under Rule 23(f) to review the personal jurisdiction and waiver issues that form part of the district court's class certification decision").

In short, text, precedent, and principles of judicial manageability all confirm that Rule 23(f) allows this Court to review any ruling fairly encompassed within the class certification order.  That makes disposing of Plaintiffs' motion easy:  as Plaintiffs acknowledge, the decertification ruling at issue is "in the same paper opinion and order as the Rule 23 class certification ruling."  Mot. 11; *see also* JA1767 ("For the foregoing reasons, the Motion to Certify (ECF No. 106) is **GRANTED** and the Motion to Decertify (ECF No. 115) is **DENIED**.").  The ruling is part of the class certification "order" and thus reviewable under Rule 23(f).

In arguing otherwise, Plaintiffs do not address *Yamaha* or *BP*, the contrary rulings from the Sixth, Seventh, and Ninth circuits, or Rule 23(f)'s text.  They instead contend that other circuits have "rejected the notion that Rule 23(f) allows appellate courts to review interlocutory FLSA collective action certification rulings absent the exercise of pendent jurisdiction."  Mot. 11 (citing *Harris v. Medical Transp. Mgmt., Inc.*, 77

11

F.4th 746 (D.C. Cir. 2023); *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115 (3d Cir. 2018); *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010); and *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930 (5th Cir. 2005)).

But the appellants in those cases never argued—and thus the courts never analyzed—whether Rule 23(f) authorized review of FLSA rulings encompassed within the same "order" as a class certification decision. *See, e.g., Harris*, 77 F.4th at 764 (addressing only whether to exercise pendent appellate jurisdiction over an FLSA certification decision). In fact, in *Myers*, appellants could not make the argument Anheuser-Busch makes here, as the FLSA ruling was not in the same order as the class certification ruling; it was part of an "earlier" order. 624 F.3d at 542. And *Baldridge* was not even a Rule 23(f) case; it asked "whether [the court had] appellate jurisdiction over [an FLSA] class certification order pursuant to the 'collateral order' exception to the final judgment rule of 28 U.S.C. § 1291." 404 F.3d at 931.

Unsurprisingly, then, the courts in those cases did not cite *Yamaha* or *BP*, or otherwise analyze whether they could review an FLSA decision within the same "order" as a class certification decision. Such decisions are not only non-binding, but are not persuasive on this issue, either. *See*

12

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 n.4 (1989) ("[T]his Court has never considered itself bound by prior *sub silentio* [jurisdictional] holdings when a subsequent case finally brings the jurisdictional issue before us.") (alteration omitted).

### B. The Court Independently Has Pendent Appellate Jurisdiction Because The Decertification Decision Is Inextricably Intertwined With The Class Certification Decision

In the alternative, this Court is free to exercise pendent appellate jurisdiction over the denial of Anheuser-Busch's FLSA decertification motion. "Under the doctrine of pendent appellate jurisdiction, *** [courts of appeals] may review an issue not otherwise subject to immediate appeal when the issue is *** 'inextricably intertwined' with a question that is the proper subject of an [interlocutory] appeal." *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 95 F.4th 181, 188 (4th Cir. 2024). Issues are "'inextricably intertwined' if the same specific question will underlie both the appealable and the non-appealable order, such that resolution of the question will necessarily resolve the appeals from both

orders at once." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 111 (4th Cir. 2013) (internal quotation marks omitted).[1]

Here, not only do the class action certification and FLSA decertification issues involve the same fundamental question—whether Plaintiffs were sufficiently "similar[] *** in relation to their differences"—but the district court explicitly resolved both motions for "essentially the same reasons." JA1766. Indeed, the court consciously intertwined the two analyses, reasoning that an alleged Anheuser-Busch "policy" to require unpaid pre- and post-shift work was, "*as with the Rule 23 class determination*," enough to "outweigh [Plaintiffs'] differences." JA1767 (emphasis added). Although it would have been possible for the district court to offer a different legal rationale given the "separate legal frameworks," Mot. 13, the court offered no other reason for denying the decertification decision. Thus, because the same reasoning "underlies both" decisions, and "resolution of" Plaintiffs' ability to rely on mere

---

[1] Plaintiff implies that an issue is "inextricably intertwined" only when the appealable issue cannot "be fully reviewed without addressing" the pendent one. Mot. 14. But as Plaintiff elsewhere notes (at 9), that is a separate and independent basis for pendent appellate jurisdiction—*i.e.*, "when review of a jurisdictionally insufficient issue is necessary to ensure meaningful review of an immediately appealable issue." *Scott*, 733 F.3d at 111 (internal quotation marks omitted).

allegations of a policy "will necessarily resolve both appeals, *** [this Court's] exercise of pendent appellate jurisdiction [would be] proper." *Scott*, 733 F.3d at 111; *see also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 203-204 (3d Cir. 2001) (courts will "exercise[] pendent jurisdiction over a personal jurisdiction issue" when "the basis of the personal jurisdiction decision was identical to the basis of the immediately appealable order"); *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1296 (9th Cir. 1999) (exercising pendent jurisdiction "when the rulings all involved *** the same reasoning and facts and the failure to decide the liability questions might have resulted in inconsistent decisions on related issues"). Otherwise, even if this Court were to reverse the class certification decision on grounds that apply with equal weight to the FLSA certification question, Anheuser-Busch would be forced on remand to keep litigating an FLSA collective action that will be dead on arrival in this Court at some later date.

To be sure, Plaintiffs cite out-of-circuit cases declining to exercise pendent appellate jurisdiction over an FLSA certification decision in a Rule 23(f) appeal. But those cases were decided against factual and legal

15

backdrops meaningfully different from this one. In *Reinig*, the district court did not base its FLSA certification decision on its Rule 23 certification analysis (or vice versa), *Reinig v. RBS Citizens, N.A.*, No. 15CV1541, 2017 WL 3599489, at *1 (W.D. Pa. Aug. 22, 2017)—so the Third Circuit had no occasion to consider what it would do had the analysis been identical, as it was here. *See* 912 F.3d at 132-133 (finding only "a mere nexus between the two orders[, which] is not sufficient to justify a decision to assume jurisdiction"). Similarly, *Harris* did not involve a run-of-the-mill Rule 23(b)(3) class certification (as here); instead, it concerned the certification of an "issue" class under Rule 23(c)(4). 77 F.4th at 752. And the "analysis of Rule 23's application *to the issue class* certified by the district court had little relevant overlap with the decision whether or not to allow the FLSA collective action, which is not an issue-specific action and turns on a distinct legal analysis." *Id.* at 765 (emphasis added). Finally, the challenged FLSA certification decision in *Myers* was the district court's denial of the plaintiffs' "motion to send opt-in notice to potential class members"—"a first-stage determination" with a much "low[er] standard of proof" than for certification decisions like the one here. 624 F.3d at 555. That

16

standard very clearly set the FLSA issue apart from the class certification question, which had a "much higher threshold of demonstrating that common questions of law and fact will 'predominate.'" *Id.* at 556.[2]

In contrast, here the district court all but recognized that its Rule 23 and FLSA two rulings were inextricably intertwined because they rose or fell for "essentially the same reasons." That explicit "overlap" between the two decisions makes pendent appellate jurisdiction appropriate.

## II. THE COURT SHOULD NOT DISMISS AN ARGUMENT ANHEUSER-BUSCH DID NOT RAISE

Plaintiffs also confusingly move to dismiss as "waived"—or more precisely, forfeited—the argument that, under the Rules Enabling Act, Rule 23 cannot apply to Plaintiffs' state-law claims. Mot. 15.[3] But as even Plaintiffs acknowledge, Anheuser-Busch "does not reference or argue" that issue in its opening brief. *Id.* So it makes no sense to

---

[2] Given the fact-specific "inextricably intertwined" standard, the courts in these cases also considered jurisdiction and the merits simultaneously; they did not resolve them prematurely on a motion to dismiss, before full briefing on the merits.

[3] *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)).

"dismiss" it.  In every appeal, there are always issues and arguments parties choose not to raise—and that is especially true for interlocutory appeals.  It would be a poor use of judicial resources if parties had to dispute, and this Court had to decide, whether every unraised argument was "waived."

Moreover, Plaintiffs' position is that the *only* issue that can be resolved in this appeal is the certification decision.  *See* Docketing Statement Objections 2-3, ECF No. 18 (objecting that permitting review of Rules Enabling Act "issue would overstep the boundaries of interlocutory review and introduce new issues not properly before the Court").  So it would be especially perverse to find "waived" an argument that Plaintiffs argue cannot be raised in the first place.

In any event, the waiver and forfeiture doctrines are not jurisdictional; courts of appeals have wide "discretion" to *excuse* forfeiture based "on the facts of individual cases."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 (2008) (citation omitted).  It is thus, at a minimum,

18

highly premature to "dismiss" the argument now, before Anheuser-Busch

has even attempted to raise it.[4]

## CONCLUSION

The Court should deny Plaintiffs' partial motion to dismiss this

appeal.

Dated: August 12, 2025                    Respectfully submitted,

                                          */s/ James E. Tysse*
                                          James E. Tysse
                                          Robert G. Lian, Jr.
                                          Margaret O. Rusconi
                                          Katherine I. Heise
                                          AKIN GUMP STRAUSS
                                             HAUER & FELD LLP
                                          2001 K Street N.W.
                                          Washington, D.C. 20006
                                          202-887-4000
                                          jtysse@akingump.com

*Counsel for Defendant-Appellant Anheuser-Busch, LLC*

---

[4] To be clear, Anheuser-Busch has not "waived its right to raise the issue on appeal after final judgment." *Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 924 F.2d 550, 553 (4th Cir. 1991). "A decision not to appeal certain issues" in an interlocutory appeal "in no way diminishes an individual's right to pursue those issues" in an "appeal from final judgment." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 810 (6th Cir. 2004) (citing *F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 428 (6th Cir. 1987)).

# CERTIFICATE OF COMPLIANCE

This opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,621 words, excluding the parts of the opposition exempted by Federal Rule of Appellate Procedure 32(f).

This opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 2016 in 14-point Century Schoolbook font.

*/s/ James E. Tysse*
James E. Tysse

Dated:  August 12, 2025