No. 25-1520

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

THOMAS E. OVERBY, JR. INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED; ABBY GEARHART, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

*Plaintiffs-Appellees,*

v.

ANHEUSER-BUSCH, LLC,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court for the
Eastern District of Virginia at Newport News
Case No. 4:21-cv-00141-AWA-DEM

_____

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR PARTIAL
MOTION TO DISMISS APPEAL**

_____

Robert W.T. Tucci                    Craig J. Curwood
Gregg C. Greenberg                   Zev H. Antell
Thomas J. Eiler                      Samantha R. Galina
ZIPIN, AMSTER & GREENBERG, LLC       BUTLER CURWOOD PLC
8757 Georgia Avenue, Suite 400       140 Virginia Street, Suite 302
Silver Spring, Maryland 20910        Richmond, Virginia 23219
301-587-9373                          804-648-4848
rtucci@zagfirm.com                   craig@butlercurwood.com
ggreenberg@zagfirm.com               zev@butlercurwood.com
teiler@zagfirm.com                   samantha@butlercurwood.com

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................................1

II.    ARGUMENT................................................................................1

    A.    Rule 23(f) Means What it Says. ..........................................1

    B.    Pendent Appellate Jurisdiction Is Narrow and Does Not Reach the FLSA Decertification Ruling. .........................................5

    C.    AB Waived the REA issue—Issue Four—In This Appeal; the Mandate Should Foreclose a Later Revival Against This Same Order Absent a Recognized Exception. ................................6

III.    CONCLUSION..............................................................................8

# TABLE OF AUTHORITIES

**Cases**

*BP P.L.C. v. Mayor & City Council of Balt.*,
  593 U.S. 230 (2021)......................................................................... 1, 2, 3

*Brown v. Nucor Corp.*,
  576 F.3d 149 (4th Cir. 2009) ...................................................................3

*Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  924 F.2d 550 (4th Cir. 1991) ...................................................................7

*Donelson v. Ameriprise Fin. Servs.*,
  999 F.3d 1080 (8th Cir. 2021) .................................................................3

*Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*,
  95 F.4th 181 (4th Cir. 2024) ...................................................................5

*Fox v. Saginaw Cnty.*,
  67 F.4th 284 (6th Cir. 2023) ...................................................................2

*Grayson O Co. v. Agadir Int'l LLC*,
  856 F.3d 307 (4th Cir. 2017) ...................................................................6

*Harris v. Medical Transportation Mgmt., Inc.*,
  77 F.4th 746 (D.C. Cir. 2023) .................................................................5

*Microsoft Corp. v. Baker*,
  582 U.S. 23 (2017)....................................................................................3

*Moser v. Benefytt, Inc.*,
  8 F.4th 872 (9th Cir. 2021) ......................................................................3

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010) ....................................................................5

*Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*,
  115 F. App'x 806 (6th Cir. 2004) ...........................................................7

*Reinig v. RBS Citizens, N.A.*,
  912 F.3d 115 (3d Cir. 2018) ....................................................................6

*Scott v. Family Dollar Stores, Inc.*,
  733 F.3d 105 (4th Cir. 2013) ................................................................2

*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995) ................................................................................5

*TFWS, Inc. v. Franchot*,
  572 F.3d 186 (4th Cir. 2009) ................................................................7

*United States v. Olano*,
  507 U.S. 725 (1993) ..............................................................................7

*United States v. Pileggi*,
  703 F.3d 675 (4th Cir. 2013) ................................................................7

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ................................................................................4

*Yamaha Motor Corp., U.S.A. v. Calhoun*,
  516 U.S. 199 (1996) .................................................................... 1, 2, 3

**Statutes**

28 U.S.C. § 1292(a)(1) ................................................................................7

28 U.S.C. § 1292(b) ................................................................................2, 4

28 U.S.C. § 1447(d) ....................................................................................1

**Rules**

Fed. R. App. P. 28(a)(8)(A) ........................................................................6

Fed. R. Civ. P. 23 ............................................................................. passim

Fed. R. Civ. P. 23(f) ......................................................................... passim

## I.     <u>INTRODUCTION</u>

Rule 23(f) is a narrow doorway. It authorizes interlocutory review of an order "granting or denying class-action certification ***under this rule***." Fed. R. Civ. P. 23(f) (emphasis added). Those three words do the work here. AB asks the Court to sweep in an analytically distinct Fair Labor Standards Act ("FLSA") collective action decertification ruling because it is contained in the same omnibus "order." That is not what Rule 23(f) allows.

The proper course is to confine this 23(f) appeal to the Rule 23 certification issues, decline to reach the FLSA decertification ruling because pendent appellate jurisdiction does not lie, and hold that AB's unbriefed Rules Enabling Act ("REA") issue (Issue Four) is waived in this interlocutory posture, while making clear that AB may not revive an abandoned ground to attack this same certification order in a later appeal absent a recognized mandate rule exception.

The Court should grant Plaintiffs' motion.

## II.     <u>ARGUMENT</u>

### A.     **Rule 23(f) Means What it Says.**

AB is right that some statutes permit review of issues "fairly included" within an entire "order." *See BP P.L.C. v. Mayor & City Council of Balt.*, 593 U.S. 230 (2021); *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996). *BP* interpreted 28 U.S.C. § 1447(d) and held that when Congress made a remand order appealable in specified circumstances, appellate review may reach the entire order,

1

including issues "fairly included" within it—drawing expressly on *Yamaha*'s construction of 28 U.S.C. § 1292(b). *See* 593 U.S. at 241–42. *Yamaha*, in turn, explains that § 1292(b) jurisdiction "applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court," permitting consideration of "any issue fairly included within the certified order." *See* 516 U.S. at 205 (emphasis in original). Those are whole-order regimes keyed to the word "order." Rule 23(f), by contrast, limits interlocutory review "from an order granting or denying class-action certification ***under this rule***." Fed. R. Civ. P. 23(f) (emphasis added).

Courts applying Rule 23(f) have hewed to that text. They will review threshold issues when those issues are part of, or necessary to, the certification analysis itself, but they do not use 23(f) to pull in distinct rulings under other statutes. *See, e.g.*, *Fox v. Saginaw Cnty.*, 67 F.4th 284, 292–95 (6th Cir. 2023) (in a Rule 23(f) appeal, the Sixth Circuit reviewed a Rule 23 class certification order, including an Article III standing issue, because the district court decided standing as part of certification); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 110–14 (4th Cir. 2013) (exercising 23(f) jurisdiction to review class rulings embedded in an order striking/dismissing class claims); *see also id.* at 111 ("Appellate jurisdiction pursuant to Rule 23(f)'s interlocutory provision lies only where the subject matter of the appeal is the grant or denial of class certification." (citing Fed. R. Civ. P. 23(f)

and *Brown v. Nucor Corp.*, 576 F.3d 149, 155 n.8 (4th Cir. 2009)).

The Ninth Circuit's majority in *Moser v. Benefytt, Inc.*, 8 F.4th 872 (9th Cir. 2021), is to the same effect: it exercised Rule 23(f) jurisdiction to review personal jurisdiction and waiver issues because those issues formed part of the district court's certification decision and directly affected whether nationwide classes could be certified. *See id.* at 875–77. That is a far cry from AB's request to import a separate FLSA decertification ruling issued under a different statute simply because it appears in the same docket entry.

AB's other "order" case, *Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080 (8th Cir. 2021), likewise rests on text that makes an order appealable—the Federal Arbitration Act's ("FAA") § 16—and uses that hook to consider issues "fairly included within" an appealable arbitration order. *Id.* at 1083–87. It does not purport to expand Rule 23(f). And the Supreme Court has emphasized that interlocutory review in the class context is a carefully calibrated, discretionary exception to the final judgment rule. *See Microsoft Corp. v. Baker*, 582 U.S. 23, 30–31 (2017).

AB suggests that "every appellate court" to apply *BP* and *Yamaha* in the Rule 23(f) context has embraced order-wide review, even for issues which do not bear on Rule 23 class certification. Not so. While they may not explicitly cite those authorities, cases since *BP* confine Rule 23(f) review to issues decided as part of or which bear on class certification; where an FLSA collective action

certification/decertification ruling is distinct, courts analyze pendent jurisdiction—and decline it. *See* Section II.B., *infra*.

Nor is there a manageability problem in keeping 23(f) tethered to its text: courts routinely consider threshold matters embedded in the certification order (for example, Article III standing), while leaving unrelated rulings—like a separate FLSA decertification determination—for another day. And the fact the district court placed both rulings in a single order does not alter the analysis; jurisdiction follows the rule and the ruling, not the pagination. The question is whether the issue was decided as part of Rule 23's analysis or which bears on Rule 23's applicability, not whether it shares a docket number.

Finally, AB's reliance on *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), to discount cases as "*sub silentio*" is misplaced; the Rule 23(f) cases Plaintiffs cite expressly address scope and pendent jurisdiction.

If the drafters had intended 23(f) to mimic § 1292(b)'s breadth, they knew how to say so. They did not; they chose "***under this rule***." Fed. R. Civ. P. 23(f) (emphasis added). Courts apply Rule 23(f) accordingly—reviewing what the district court decided as part of the certification decision, not analytically distinct and unrelated rulings contained in the same docket entry.

The Court should thus find that Rule 23(f)'s text explicitly limits review to issues bearing on Rule 23 class certification.

**B.** **Pendent Appellate Jurisdiction Is Narrow and Does Not Reach the FLSA Decertification Ruling.**

AB quotes the familiar pendent appellate jurisdiction standard but then softens it in application. This Court has described such jurisdiction as an "exception of limited and narrow application," available only when the non-appealable issue is inextricably intertwined with, or necessary to ensure meaningful review of, the issue properly on appeal. *See Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 95 F.4th 181, 190–93 (4th Cir. 2024); *see also Swint v. Chambers County Comm'n*, 514 U.S. 35, 50–51 (1995). Overlap in facts or reasoning is not enough; the question must be "necessary to ensure meaningful review" of the Rule 23 issues on appeal, and the FLSA decertification ruling is not. *See Swint*, 514 U.S. at 50–51.

Courts confronting precisely the pairing AB urges here have declined pendent jurisdiction. The D.C. Circuit refused to take up FLSA decertification alongside a Rule 23 issue class because the frameworks share too little common ground. *See Harris v. Medical Transportation Mgmt., Inc.*, 77 F.4th 746, 758–60, 765–67 (D.C. Cir. 2023) ("Rule 23 actions, in fact, are fundamentally different from collective actions under the FLSA." (cleaned up)). The Second Circuit likewise cautioned against using a 23(f) grant as a "foot in the door" to haul in separate FLSA rulings. *See Myers v. Hertz Corp.*, 624 F.3d 537, 547–50 (2d Cir. 2010). And the Third Circuit held that FLSA certification questions are not inextricably intertwined with Rule 23 class certification. *See Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 126–31

5

(3d Cir. 2018). This Court can thus fully resolve the Rule 23 issues without deciding FLSA decertification.

Pendent appellate jurisdiction is a narrow exception, and the district court's FLSA decertification ruling does not meet it. The Court should thus decline pendent jurisdiction.

### C.  AB Waived the REA issue—Issue Four—In This Appeal; the Mandate Should Foreclose a Later Revival Against This Same Order Absent a Recognized Exception.

AB briefly raised a REA theory in opposition to class certification in the district court and listed it in its docketing statement as an issue for this appeal. But in this Court, AB fully abandoned the theory by omitting any developed argument from its opening brief. In the Fourth Circuit, issues not developed in the opening brief are waived. *See* Fed. R. App. P. 28(a)(8)(A) (opening brief must set out "appellant's contentions and the reasons for them, with citations"); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017). AB's Opposition acknowledges the omission and urges the Court not to "dismiss" an argument it "did not raise." That is precisely why waiver applies. A docketing statement is not a merits brief and does not preserve an unpresented issue for decision.[1]

AB's contrary authorities do not say otherwise. *Overstreet v. Lexington-*

---

[1] Terminology note: Plaintiffs use "waiver" in the Fourth Circuit's ordinary briefing sense to refer to issues not presented in the opening brief; whether labeled waiver or forfeiture, the consequence is the same here. *See Grayson*, 856 F.3d at 316.

*Fayette Urb. Cnty. Gov't*, 115 F. App'x 806 (6th Cir. 2004) (unpublished), notes that failing to take an interlocutory appeal does not forfeit issues for later final judgment review; Plaintiffs do not contend otherwise. *See United States v. Olano*, 507 U.S. 725 (1993), addresses plain-error review in criminal cases; it does not relax this Court's rules. And *Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 924 F.2d 550 (4th Cir. 1991), deals with preserving review after final judgment when a party *waives* an interlocutory appeal under 28 U.S.C. § 1292(a)(1); it does not rescue issues a party omitted from its opening brief in an interlocutory appeal it *chose to pursue*.

Because this is an interlocutory appeal from the district court's Rule 23 class certification ruling, the Court can—and should—hold that AB's REA theory is waived in this appeal and state that any later attempt to revive it to attack Rule 23 class certification is barred by the mandate rule absent a recognized exception (which are: "(1) a showing that controlling legal authority has changed dramatically; (2) that significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light; or (3) that a blatant error in the prior decision will, if uncorrected, result in a serious injustice."). *See United States v. Pileggi*, 703 F.3d 675, 680–82 (4th Cir. 2013); *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009).

Plaintiffs are not asking the Court to adjudicate an unbriefed merits theory;

they seek a routine waiver holding and a modest instruction that prevents AB from reviving its waived theory in any subsequent appeal against this same Rule 23 class absent a recognized exception. That approach enforces ordinary briefing discipline in a discretionary interlocutory posture and prevents sandbagging, while preserving the narrow exceptions the mandate rule already recognizes.

AB's REA theory is waived. The Court should thus hold that it is waived and note that a later, belated attempt to revive it is barred absent a recognized exception.

## III.  **CONCLUSION**

This motion is about scope and discipline. Rule 23(f) authorizes review of a class certification order "***under this rule***." Fed. R. Civ. P. 23(f) (emphasis added). Accordingly, the Court should dismiss the appeal to the extent AB seeks review of the separate FLSA decertification ruling and confine this interlocutory appeal to the Rule 23 certification issues. The Court should also hold that AB's unbriefed REA theory is waived and note that any effort to revive it in a subsequent appeal to attack this same Rule 23 class is barred by the mandate rule absent a recognized exception.

That disposition keeps this 23(f) appeal on its proper rails and avoids serial bites at the same apple.

Respectfully submitted this August 15, 2025,

*/s/ Robert W.T. Tucci*
Robert W.T. Tucci
Gregg C. Greenberg
Thomas J. Eiler

ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
301-587-9373
rtucci@zagfirm.com
ggreenberg@zagfirm.com
teiler@zagfirm.com

Craig J. Curwood
Zev H. Antell
Samantha R. Galina
BUTLER CURWOOD PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
 804-648-4848
craig@butlercurwood.com
zev@butlercurwood.com
samantha@butlercurwood.com

*Counsel for Appellees-Plaintiffs*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this reply (i) was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type style, and (ii) contains 1,943 words. It therefore, complies with Federal Rule of Appellate Procedure 27(d).

<u>*/s/ Robert W.T. Tucci*</u>
Robert W.T. Tucci

## **CERTIFICATE OF SERVICE**

I, Robert Tucci, hereby certify that on August 15, 2025, I electronically filed the foregoing reply with the Clerk of the Court of the United States Court of Appeals for the Fourth Circuit by using the CM/ECF System. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Robert W.T. Tucci*
Robert W.T. Tucci